AF Approval __NA____                          Chief Approval __CAB_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:22-cr-00193-RBD-DCI

JESUS RAFAEL ROJAS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Jesus Rafael Rojas, and the attorney for the defendant,

Mark A. Reyes, mutually agree as follows:

### A.     Particularized Terms

1.     Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One and

Count Two of the Indictment.  Count One charges the defendant with

conspiracy, in violation of 18 U.S.C. § 371.  Count Two charges the defendant

with armed postal robbery, in violation of 18 U.S.C. §§ 2114(a) and 2.

2.     Maximum Penalties

Count One carries a maximum sentence of 5 years'

imprisonment, a fine of up to $250,000, a term of supervised release of not

Defendant's Initials __Ɔ____

more than 3 years, and a special assessment of $100 per felony count for individuals.

Count Two carries a maximum sentence of 25 years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than 5 years, and a special assessment of $100 per felony count for individuals.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    *Apprendi v. New Jersey*

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of 25 years may be imposed under Count Two because the following facts have been admitted by the defendant and are established by this plea of guilty: while committing the robbery on March 7, 2022, the defendant, while aiding and abetting others, wounded the person described in the indictment or jeopardized the life of the person described in the indictment by using a dangerous weapon.

Defendant's Initials  _J___          2

4.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:  two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:  the defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:  during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

Fourth:  the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The elements of Count Two are:

First:  the defendant intentionally took from the person or the presence of the person described in the indictment any mail matter or any other property of the United States then in the lawful charge, control or custody of that person;

Second:  the defendant took the property against the victim's will, by means of force and violence or by means of intimidation; and

Third:  while committing the robbery, the defendant, while aiding and abetting another, wounded the person described in the indictment, or jeopardized the life of the person described in the indictment by using a dangerous weapon.

Defendant's Initials _𝟫_____          3

5.   <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, relating to the charged offenses.

7.   <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the victim postal carrier.

8.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that,

Defendant's Initials _____        4

if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the

Defendant's Initials  ᴐ____                5

Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

    10.   Forfeiture of Assets

        The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), and all firearms and ammunition involved in or used in the robbery pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

        The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials ___**ϟ**___       6

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials ___𝒥___          7

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this

Defendant's Initials _____          8

agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.**     **Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials ___ʓ___          9

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.   <u>Supervised Release</u>

    The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.   <u>Immigration Consequences of Pleading Guilty</u>

    The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.   <u>Sentencing Information</u>

    The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities,

Defendant's Initials   <u> J </u>       10

if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States

Defendant's Initials ___𝔍___       11

Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw

Defendant's Initials _____        12

defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or

in camera, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant

and defendant's attorney and without promise of benefit of any kind (other

than the concessions contained herein), and without threats, force,

intimidation, or coercion of any kind.  The defendant further acknowledges

defendant's understanding of the nature of the offense or offenses to which

defendant is pleading guilty and the elements thereof, including the penalties

provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials ⟋‾‾‾‾            14

and advice received from defendant's undersigned counsel (if any).  The

defendant also understands that defendant has the right to plead not guilty or

to persist in that plea if it has already been made, and that defendant has the

right to be tried by a jury with the assistance of counsel, the right to confront

and cross-examine the witnesses against defendant, the right against

compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading

guilty, defendant waives or gives up those rights and there will be no trial.

The defendant further understands that if defendant pleads guilty, the Court

may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record,

and in the presence of counsel (if any), defendant's answers may later be used

against defendant in a prosecution for perjury or false statement.  The

defendant also understands that defendant will be adjudicated guilty of the

offenses to which defendant has pleaded and, if any of such offenses are

felonies, may thereby be deprived of certain rights, such as the right to vote, to

hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.

The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials _____     15

forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement, ~~which includes Exhibit A,~~ constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____                16

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this **20** day of February, 2023.

ROGER B. HANDBERG
United States Attorney


Jesus Rafael Rojas
Defendant

Kara M. Wick
Assistant United States Attorney


Mark A. Reyes
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials __3__                17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

CASE NO. 6:22-cr-00193

v.

JESUS RAFAEL ROJAS

PERSONALIZATION OF ELEMENTS

Count One:

First:       Did you and at least one other person in some way
             agree to try to accomplish a shared and unlawful
             plan?

Second:      Did you know the unlawful purpose of the plan and
             willfully join in it?

Third:       During the conspiracy, did one of the conspirators
             knowingly engage in at least one overt act as
             described in the indictment? and

Fourth:      Was the overt act committed at or about the time
             alleged and with the purpose of carrying out or
             accomplishing some object of the conspiracy?

Count Two:

First:       Did you intentionally take from the person or the
             presence of the person described in the indictment
             any mail matter or any other money or any other
             property of the United States then in the lawful
             charge, control or custody of that person?

Second:      Did you take the property against the victim's will,
             by means of force and violence or by means of
             intimidation? And

Defendant's Initials ___3___        18

Third:      While committing the robbery, did you, while aiding and abetting another, wound the person described in the indictment, or jeopardize the life of the person described in the indictment by using a dangerous weapon?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 6:22-cr-00193

JESUS RAFAEL ROJAS

FACTUAL BASIS

**A. Conspiracy to Rob a Mail Carrier, Steal a Postal Key, and Steal Mail**

Beginning on an unknown date, but not later than in or about January 2022, and continuing through in or about March 2022, in the Middle District of Florida, and elsewhere, **ROJAS** knowingly and willfully combined, conspired, confederated and agreed with at least one other person, to commit offenses against the United States, specifically:

> (a)    to intentionally take from a United States Postal Service mail carrier, by means of force, violence, and intimidation, property of the United States, that is, a United States Postal Service "arrow" key, in violation of 18 U.S.C. § 2114(a);

> (b)    to receive, possess, conceal, and dispose of money and property that the conspirators knew was obtained as a result of the robbery of the United States Postal Service mail carrier, in violation of 18 U.S.C. § 2114(b);

Defendant's Initials _____                 20

(c)   to steal a United States Postal Service "arrow" key, in violation of 18 U.S.C. § 1704; and

(d)   to steal mail matter that was in an authorized depository for mail matter, in violation of 18 U.S.C. § 1708.

Manner and Means of the Conspiracy

The manner and means by which **ROJAS** and the other conspirators sought to accomplish the objects of the conspiracy included, among others:

It was part of the conspiracy that **ROJAS** and others planned to rob a United States Postal Service mail carrier to obtain a United States Postal Service "arrow" key.

It was further part of the conspiracy that **ROJAS** and others recruited and attempted to recruit individuals to participate in the robbery of a United States Postal Service mail carrier.

It was further part of the conspiracy that **ROJAS** and others robbed a United States Postal Service mail carrier by means of force, violence, and intimidation.

It was further part of the conspiracy that **ROJAS** and others stole a United States Postal Service "arrow" key during the robbery of the United States Postal Service mail carrier.

Defendant's Initials ___ 21

It was further part of the conspiracy that **ROJAS** and others used a dangerous weapon while committing the robbery.

It was further part of the conspiracy that **ROJAS** and others jeopardized the life of the United States Postal Service mail carrier while committing the robbery.

It was further part of the conspiracy that a co-conspirator possessed and used the stolen United States Postal Service "arrow" key to open and unlawfully access United States Postal Service mail receptacles and authorized depositories for mail matter.

It was further part of the conspiracy that a co-conspirator stole mail matter, including checks, from United States Postal Service mail receptacles and authorized depositories for mail matter.

It was further part of the conspiracy that co-conspirators wrongfully altered and deposited stolen checks into bank accounts for their own benefit and the benefit of others.

It was further part of the conspiracy that **ROJAS** and others misrepresented, concealed, hid, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

Defendant's Initials ___ ﭏ ___          22

Overt Acts of the Conspiracy

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida:

a. On March 3, 2022, **ROJAS** attempted to recruit an individual to participate in the robbery of a United States Postal Service mail carrier.

b. On March 7, 2022, **ROJAS** and Co-Conspirator 1 assaulted and robbed a United States Postal Service mail carrier at an apartment complex located at XXXX Walden Circle, Orlando, Florida.

c. On March 7, 2022, **ROJAS** and Co-Conspirator 1 stole a United States Postal Service "arrow" key during the assault and robbery of a United States Postal Service mail carrier at an apartment complex located at XXXX Walden Circle, Orlando, Florida.

d. On March 25, 2022, co-conspirator(s) stole mail from United States Postal Service mail receptacles and authorized depositories for mail matter at a condominium located at XXXX Cypress Woods Drive, Orlando, Florida.

Defendant's Initials _____      23

B. **Details of the March 7, 2022 Robbery and Mail Thefts**

On March 7, 2022, the United States Postal Inspection Service
("USPIS") was notified at approximately 1:20 p.m. that a United States Postal
Service ("USPS") mail carrier (the "Victim") had just been robbed at an
apartment complex located on Walden Circle, Orlando, FL ("Apt. Complex
1").  The Victim was on duty in his USPS issued uniform delivering mail to
the residents of the Apartments.  The Victim suffered a concussion and a scalp
hematoma and had to be intubated as a result of the injuries he sustained
during the robbery.  This robbery is hereinafter referred to as the "Mail Carrier
Robbery."

During an interview on March 8, 2022, the Victim stated that the
Victim was sitting in the Victim's USPS mail truck when the first robber
stepped into the mail truck, demanded the Victim's arrow key,[1] and attempted
to pull the key off of the Victim's belt.  The first robber pulled so forcefully that
he pulled the Victim out of the mail truck.  After being pulled out of the mail
truck, the Victim then felt something hard strike the back of the Victim's head,
causing the Victim to fall to the ground.  The Victim saw the second robber

---

[1] Arrow keys are USPS proprietary keys that are serialized. They grant access
to various types of mail collection receptacles usually for a specific zip code(s)
that make up a geographic area.  No person outside of the USPS is authorized
to be in possession of an arrow key.

put what he believed to be a firearm in his (the robber's) rear waistband.[2]  The Victim stated that the two robbers (together, the "Robbers") then ran in different directions.

On March 25, 2022, mail was stolen from four communities in Orlando, Florida (collectively, the "Target Communities"), each of which is located less than about two miles from Apt. Complex 1 where the robbery of the Victim occurred.  The arrow key stolen during the Mail Carrier Robbery is capable of opening the mailboxes in the Target Communities.

As evidenced by the below information, **ROJAS** was one of the Robbers who robbed the Victim during the above-described Mail Carrier Robbery and conspired with others to steal the arrow key in order to steal mail.

## C. Details of ROJAS's Involvement in the Scheme

Sources identified ROJAS as one of the robbers shown in the surveillance video from the Mail Carrier Robbery.  The Sources stated that Rojas was involved with stolen checks and he offered people money to use their bank accounts to deposit the stolen checks.  The Sources further stated that Rojas

---

[2] The Victim believed the weapon he saw to be a real firearm.  ROJAS disputes that the weapon was a real firearm, stating that it was a BB-gun. According to the Victim, ROJAS was the robber who carried the weapon.  ROJAS disputes that he was the robber with the firearm.

Defendant's Initials ____        25

worked with an individual known as "Benzo" who was involved in altering stolen checks. Investigation showed that Benzo, a now-deceased individual with initials J.B., was one of the co-conspirators involved in the instant offenses. Posts from ROJAS's social media accounts support that ROJAS recruited individuals for use of their bank accounts to deposit stolen checks. For example, in one post, ROJAS posted an image of large amounts of U.S. currency and stated: "Hmu all banks." Thus, ROJAS was asking anyone with a bank account who wanted to make money to contact him.

Through investigation, it was determined that ROJAS and J.B. a/k/a Benzo exchanged the personal identifying information of numerous individuals around the time of the Mail Carrier Robbery and mail theft incidents. For example, on March 10, 2022, Benzo sent a photo to ROJAS on social media. The photo depicted a Navy Federal Credit Union receipt showing a check deposit for an account ending in 7494. The receipt showed an image of a check and indicated the deposit was for $20,000. Records obtained from Navy Federal Credit Union showed that the account ending in 7494 received an altered check deposit on March 10, 2022. The check was in the amount of $20,000 and was deposited at a branch located on Gardens Park Blvd, Orlando, Florida. On other occasions, ROJAS sent Benzo personal identifying information of various

Defendant's Initials ⟍         26

individuals, including: names, dates of birth, addresses, account numbers, usernames, passwords, and pin numbers.

On March 3, 2022 (four days prior to the robbery of the postal carrier), ROJAS attempted to recruit someone to rob a mail carrier but was unsuccessful. Specifically, ROJAS exchanged messages with the user of another Instagram account, "diegocardenas_47". ROJAS initially spoke in English telling the user of the "diegocardenas_47" account "I got a mission". The user of the "diegocardenas_47" account states back in English "what mission?" ROJAS states in Spanish that he needs the keys that open mailboxes but you need to make it seem as though he was just robbed. He offers the user of the "diegocardenas_47" account $600. The user of the "diegocardenas_47" account asks the keys of what. ROJAS states the keys that they are carrying that hang that open mailboxes. The user of the "diegocardenas_47" account tells ROJAS that it isn't worth his time.

On March 5, 2022 (two days before the Mail Carrier Robbery), ROJAS texted J.B. "yooo", "where mail man???" J.B. responded, "Windermere", "Winter park." Below is a continuation of that chat:

> ROJAS – bro if we don't get any today I got postal jere in Kirkman ima look if not its done by tomorrow early
>
> J.B. – No mail Tomorrow

Defendant's Initials ___ 27

ROJAS – okay Monday; Ima do it my onw bro tell z to put more in the table im taking the risk

J.B. – I'll put more handle up tho nun comes back to Benzo or z tho

ROJAS – what that means

J.B. – Get keys

At approximately 1:02 p.m. on March 7, 2022 (the date of the Mail Carrier Robbery), J.B. texted the phone ROJAS was using, "Yooo" and "What area." At 1:27 p.m., ROJAS texted a picture depicting the location of the Mail Carrier Robbery. That chat continues as shown, in relevant part, below:

J.B. – Where wallet; And phone; Way; Don't ever talk to me like that

ROJAS – bro im just mad asf bro that nigga hit me and [Robber 1] DUMB ASF HE RUN THE OTHER WAY; I WAS IN THE CAR WITHOUT Keys and all like shit mad hot

J.B. – U good tho vibe; U toook bag or no

ROJAS – like you gotta understand that shit just happened and u come to me screaming and shot; he dindt have no bag he had a cest

J.B. – What's a cest

ROJAS – [*ROJAS sent a screenshot of a Google translation for cesta which shows basket*]

ROJAS – nigga I had to run like a mile and I was dying, just fell from my bike yesterday

J.B. – No id or phone or u throw it somewhere

Defendant's Initials  ___S___          28

ROJAS – i throw everything bro don't ask shit on the phone bra shit mad ho; what time u coming bro?; pick that im bring it, im out of town for couple days

J.B. – Where u going

ROJAS – Miami; shit hot bro fr; ima shower and im out, where I pick up my money; v; yoo

J.B. – Yo; Zee Mad at me

ROJAS - ???; I need my bag bro I got what u asked me for idc bro need that

J.B. – We need mail bag and phone and id

ROJAS – im out bro fr shit hot asf we got ppl that live in that complex

J.B. – He gonna give me less; Imma pay u

ROJAS – bro I need what we talked about that's why I done this shit, you cannot change plans the day its done bro, this streets shit after today we lock inn bro this wasn't scaming bro took the risk; no game bro